UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JACOB DANIEL LEE

VS.

JEFFERSON PARISH SHERIFF'S
OFFICE; SHERIFF JOSEPH PETER
LOPINTO III, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF JEFFERSON
PARISH SHERIFF'S OFFICE;
DEPUTY CODY PITTMAN, IN HIS
OFFICIAL CAPACITY AS A DEPUTY OF
JEFFERSON PARISH SHERIFF'S
OFFICE;
DEPUTY MORING, IN HIS OFFICIAL
CAPACITY AS A DEPUTY OF
JEFFERSON PARISH SHERIFF'S
OFFICE;
UNIDENTIFIED MEMBERS OF THE
JEFFERSON PARISH SHERIFF'S
OFFICE, NAME STILL UNKNOWN
DAVID DIMAGGIO, RESIDENT OF
JEFFERSON PARISH
PHILLIPA BARRIOS, RESIDENT OF
JEFFERSON PARISH
ANY UNKNOWN PARTIES INVOLVED

CIVIL ACTION    **24-2049**

SECT  MAG

**SECT. PMAG.5**

## COMPLAINT

NOW INTO COURT, comes plaintiff, Jacob Lee, who respectfully request this Honorable Court to adjudicate on this matter. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of plaintiff's First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

1

## JURISDICTION

### 1.

This action arises under the Constitution of the United States, particularly the 1st, 4th, 8th, 14th Amendments, and including, but not limited to, violations of 42 U.S.C § 1983, 1985, & 1986. This COMPLAINT brings forward detailed claims of excessive force, false arrest, false imprisonment, conspiracy to deprive me of civil rights, and neglect to prevent further conspiring, by defendants which is actionable under *42 U.S.C. § 1983, 1985, 1986.* The defendants are answerable under Louisiana Civil Code article 2315. Claims of violations also include torts for harassment, defamation of character, and slander by defendants. Jurisdiction for this court is founded on title *28 U.S.C. Section § 1343 & 1331*.

## PARTIES

### 2.

The added defendants herein this amended complaint are:

1. SHERIFF Joseph P Lopinto III, a resident of the Eastern District of Louisiana acting at all times as the Sheriff of Jefferson Parish, in his official capacity as Sheriff of Jefferson Parish.

2. Detective Cody Pittman, a burglary detective employed by the Jefferson Parish Sheriff's Office, in his/her official capacity as a public servant and protector of Jefferson Parish.

3. Detective Jordan Moring, a burglary detective employed by the Jefferson Parish Sheriff's Office, in his/her official capacity as a public servant and protector of Jefferson Parish.

4. David DiMaggio, a resident of Jefferson Parish and property owner/landlord in Jefferson Parish

5. Phillipa Barrios, a resident of Jefferson Parish

6. The Jefferson Parish Sheriff and Deputies listed specifically in their official capacity as Sheriff and Sheriff's deputies of Jefferson Parish Sheriff's Office (referred to as JPSO and/or Defendants employed by JPSO).

7. The unnamed Jefferson Parish Sheriff's Deputies not listed specifically in their official capacity Sheriff's deputies of Jefferson Parish Sheriff's Office.

## HARASSMENT AND INTERFERING WITH 24/7 CARE OF AN ELDERLY LADY

**Witness Tampering , Harassment, False Arrest, False Imprisonment, Wrongful Eviction, Slander, Abuse of Authority, Obstruction of Justice**

**3.**

On February 14th, 2023 my girlfriend, Raine Hackett, lived with me, Jacob Lee, in my Metairie apartment. Her and I lived together for almost 4 years at this point, and first got together 14 years prior.

**4.**

During the third week of February 2023, my girlfriend, Raine Hackett, was commissioned by her family members to become a full-time live-in care taker for her elderly aunt, Cartrecia DiMaggio. Raine was to receive rent and utilities paid-in-full in exchange for her services.

**5.**

During the first week of March 2023, I, Plaintiff Jacob Lee, was commissioned by Raine Hackett and Cartrecia DiMaggio to move into Raine's new dwelling, located at 1617 Hesiod St, Metairie, LA 70005, and help her take care of her elderly aunt, Cartrecia Dimaggio.

**6.**

Being that Raine was a severe alcoholic at the time, I, Plaintiff Jacob Lee, became the primary caregiver on a day-to-day basis. Raine was not capable of keeping up with the workload involved with maintaining a large property and an elderly lady that cannot care for herself.

**7.**

At this point I spoke with Cartrecia and Raine and we all came to an agreement that I would cook breakfast and dinner for her and prepare lunch for Cartrecia before I left for work in the morning. I would help her bathe and keep up her hygiene along with cleaning up around the house every day. I would buy groceries for her consistently and I would be reimbursed through the rent that Raine and I were receiving.

**8.**

I was commissioned to provide services, and in exchange I would be harbored and sheltered at the house on Hesiod St. Cartrecia was the property owner and occupant of the property located at 1617 Hesiod St, Metairie, LA 70005 and Raine was the tenant and occupant as well.

**9.**

Roughly 6 months later, during the 2nd week of August 2023, Cartrecia was brought into the hospital and ended up staying for multiple nights. During this time I was able to spend multiple nights away from my residence on Hesiod St while completing work for my business that required me to be out of town temporarily.

10.

Unbeknownst to me, some time before all of this, Raine engaged in a romantic relationship with a yet to be identified JPSO deputy and has recently birthed his newborn child. While I was away working, Cartrecia's half-brother, Defendant David DiMaggio, illegally moved Defendant Phillipa Barrios into my bedroom, without an eviction notice, at 1617 Hesiod St, 70005.

11.

When I returned from work, I was forced to sleep on the couch for multiple days. Defendant David DiMaggio was set to inherit the house from Cartrecia and had no easy way to evict or remove me from the house legally.

12.

On August 21, 2023, Defendant David DiMaggio, colluded with defendants cody pittman and detective moring, and unnamed parties, to fake a felony burglary on the dwelling at 1617 Hesiod St, Metairie, LA 70005 in an attempt to have me permanently removed from the house, without proper procedure according to Louisiana's tenant laws and eviction procedures for Jefferson Parish.

**13.**

Between the months of February 2023 and August 2023, I was providing services for the property owner and landlord, Cartrecia DiMaggio, at 1617 Hesiod St, Metairie, LA 70006 in exchange for payment of rent for myself and Raine Hackett to be tenants of the property.

14.

Defendants Jordan Moring and Cody Pittman, along with other members of JPSO, colluded and conspired with Defendants David DiMaggio and Phillipa Barrios in an attempt to have me arrested for false allegations and have me improperly removed from the premises.

15.

Defendants committed perjury in order to obtain illegitimate search warrants and false arrest warrants. Defendants Cody Pittman, and Jordan Moring perjured themselves when they lied about a crime occurring, when they in fact knew that no crime occurred. Defendants Pittman and Moring were not working in good faith when they filed the affidavit for Arrest Warrant, or any of the other warrants, endorsed by the Commissioner. Defendant's Cody Pittman and Jordan

4

Moring acts of perjury, and other illegal conduct, led to a deprivation of my due process in direct violation of the First, Fourth and Fourteenth Amendment of the United States Constitution.

16.

They performed an illegal search of my person and property, along with abusing their authority as law enforcement officers to intimidate and harass me. They abused this same authority in an effort to alter the outcome of my living situation and my relationship with Raine. Defendants violated my right to due process. This is another direct violation of my First Fourth and Fourteenth Amendment rights performed by these officers. This obstruction of justice, harassment and deprivation of my civil rights is actionable in this court under Title 42 U.S.C. Section 1983 and 1985

17.

After I was arrested, I spoke with the detectives for hours. They continued to keep me illegally incarcerated on these felony charges knowing they were false.

18.

These actions led to a direct violation of my First, and Fourteenth Amendment rights. This abuse of authority and neglect by both the defendants for JPSO led to my false arrest and my continued illegal incarceration. These acts of abuse by Defendants from JPSO are actionable under Title 42 U.S.C section 1983, 1985 and 1986.

23.

The Jefferson Parish DA's office did not pick up any of the charges and issued me a letter of refusal.

27.

The defendants fabricated these lies about me, and my actions, with the intent to slander my name and place me in harm's way. Their intent was to harm me upon sight and deprive me of my constitutionally privileged rights, and possibly my life.

29.

The defendants knew that the information they provided on the Affidavit for Arrest Warrants was fabricated in order to obtain illegal arrest warrants for me and portray me as a criminal.

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

*Violation of Title 42 U.S.C. Section 1985, and 1986 by defendants*

34.

The defendants employed by JPSO conspired against me in an attempt to deprive me of my civil rights protected by the United States Constitution. These defendants violated title 42 U.S.C Section 1985 and 1986. As listed in detail in this amended complaint, the defendants colluded amongst each other in an effort to deprive me of my First, Fourth, Eighth and Fourteenth Amendment rights.

35.

The JPDA's Screening Division is put in place to "review all evidence of the referral in order to determine if a charge can be proven in court beyond a reasonable doubt" prior to filing an indictment/bill of information, as per their website states (*http://www.jpda.us/departments/criminal/screening/*). Being that the sheriff's department provided JPDA's office with obvious falsified information on multiple accounts, the screening prosecutor, whomever he/she may be, refused the charges.

36.

I am bringing forward this amended complaint in hopes to reimburse myself and my family for the financial and emotional stresses the defendant's have inflicted upon me. The defendants committed all of these acts with blatant disregard to my time, taxpayer's money and most importantly, my freedom. The defendants, being that they are given authority to serve the public justly, abused their authority in many ways and caused me, my family, and many others, thousands of dollars and hundreds of countless hours of precious time; time from the very beginning of my adulthood is now spoiled and hindered.

47.

My relationship with my close friends, girlfriend, my aunts and uncles, my parents, and most importantly, my siblings, have been severely negatively impacted by all of the fabricated allegations of the defendants. I have been permanently banned from many family events, including events with my girlfriend's family due to statements that defendants have made.

48.

Under Title 28 U.S.C. Section 1343, this court has jurisdiction of these civil actions I have brought forth. I am entitled to recover damages for these violations of my civil rights.

**SUPPLEMENTAL INFORMATION FOR CONDITIONS OF IMPRISONMENT AT JEFFERSON PARISH CORRECTIONAL CENTER**

51.

Louisiana Commission on Law Enforcement and Administration of Criminal Justice, Subpart 2: Minimum Jail Standards - Title 22, Part III: **_Chapter 29 §2901 : Inmate Housing (B)_** reads _"construction shall provide a minimum of 48 square feet of floor space for each inmate confined for more than 72 hours."._ Multiple other sections of this document providing reasonable conditions of confinement were violated, as listed below. Defendant Joseph Lopinto is responsible for the conditions of JPCC and these violations.

52.

Section **_§2907 part A._** of the same document reads _"Inmates shall have access to a shower on a daily basis and shall be required to bathe no less than twice a week."_ and **_§2907 part B._** reads _"Inmates shall be given all necessary personal health care items upon admission, and these items shall be replenished as needed."_

53.

Chapter 37, Section **_§3711 part D._** reads _"All inmate occupied areas shall be provided with positive floor drainage.".._ The toilets of the holding cells were overflowing with toilet water and feces, contaminating the floor with feces and urine, as stated in my amended complaint (Rec. Doc. 26).

56.

The defendants are also answerable under Louisiana Civil Code article 2315.

57.

Defendant Joseph Lopinto in his official capacity as the Sheriff of Jefferson Parish is answerable to the damage's flowing from his deputy's actions, under the theory of _respondeat superior_ since, at all times relevant to the matter at hand, the defendant deputies were in the course and scope of their employment with the JPSO.

***Damages and pleadings***

Relief must be granted for the following violations. I allege that the damages I incurred as a result of the Defendant's actions/inactions are a violation of 42 USC Section 1983, 1985 and 1986. Under Title 28 U.S.C. § 1343; Louisiana Civil Code article 2315; and Minimum requirements of Jail Conditions.

1. Violation of my First, Fourth, Eighth and Fourteenth amendments of the United States Constitution.
2. False arrest/unlawful imprisonment and perjury that led to my unlawful arrest for felony charge.
3. Violation of my due process of law.

4. Any claims made in this Amended complaint.
5. Humiliation throughout the local community and/or nation.
6. Inhumane housing conditions at JPCC
7. Excessive force by defendants

I pray that this Honorable Court grant the following relief after all due process:

A. Declare that the acts and omissions of the defendants as described in the instant Complaint violate my constitutional rights and federal law;

B. Judgement in favor of the plaintiff, me, and against each and all of the Defendants jointly, severally and solidarity in an amount deemed reasonable by the trier of fact;

C. Award to plaintiff, me, reasonable cost, reimbursements, attorney's fees, and interest;

D. Grant me any and all other general and equitable relief as the Court may deem Just and Proper.

RESPECTFULLY SUBMITTED,

Jacob Lee

_Ja Lee_

3117 Independence st, Ste F
Metairie, LA 70006

(504) 723-8727